IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON FRAYER,<br><br>    Plaintiff,<br><br>v.<br><br>COUNTY OF ALAMEDA,<br><br>    Defendant.<br>_____/ | No. C 10-04095 CRB<br><br>**ORDER RE-SETTING HEARING** |

On June 29, 2012 and July 2, 2012, the City of Oakland and the County of Alameda, both defendants in this case, filed motions for judgment on the pleadings. See dkts. 52, 50. The parties stipulated to reset the opposition deadlines at the request of Plaintiff's counsel, who represented that he needed additional time to prepare in light of his obligations on Golin v. Allenby, a complex civil case pending in San Mateo County Superior Court. See dkt. 54. The Court granted the parties' stipulation, continuing the opposition and reply dates and setting the hearing for September 21, 2012. See dkt. 55. On September 4, 2012, the Court, on its own, moved the motion hearing to October 5, 2012. Plaintiff's opposition to the two motions was due on August 10, 2012. Id. at 1. On October 1, 2012, the Court's courtroom deputy called Plaintiff's counsel to inquire why no opposition had been filed; counsel responded that he would file his opposition within 24 hours, along with a declaration explaining why it was so late. On October 2, 2012, nearly two months after they

were due, Plaintiff filed his oppositions to the two motions, see dkts. 61 and 62, as well as an *ex parte* application for leave to file the oppositions late, see dkt. 64. The County defendants have filed an *ex parte* application to strike Plaintiff's untimely opposition. See dkt. 65.

The Court GRANTS Plaintiff's motion for leave to file his oppositions late, and DENIES the County's motion to strike those oppositions, for one reason. Plaintiff should not suffer because of his lawyer's lapse. This is not to say that the Court finds Plaintiff's counsel's explanation satisfactory. Counsel asserts that he "was unable to complete the oppositions in time due to the fact that [he] was out-of-state on family business." See dkt. 64 (Decl.) at 2 ¶ 3. But he does not explain how long he was out-of-state or why he could not work on the oppositions while there. He asserts that he moved his office during "the early part of August," which left him "unable to function for the first week of August." Id. ¶ 3. But that accounts for only a week's delay, and it cannot have been a surprise to counsel that he was moving his office.

Finally, counsel asserts that "[t]he principal reason for the delay has been the need to address numerous motions and other issues arising in Golin v. Allenby . . . I realize that I should have requested an extension but I lost track of this case because I spent the rest of my time working on Golin when I wasn't sleeping. For that, I apologize." Id. ¶¶ 4-5. The Court has reviewed the docket in the Golin case and recognizes that counsel has spent the bulk of the last month in extensive motion practice in that case. Nonetheless, counsel had an obligation to his client in this case that was not met. The Court has already demonstrated its willingness to grant extensions of time when they are warranted. Counsel's failure to seek such an extension could have cost Plaintiff his case – a case that, without commenting on its legal merit, is clearly of great importance to Plaintiff. Counsel's apology should be to his client.

Because the Court does not wish to punish Plaintiff, it will accept Plaintiff's oppositions. Because the County argues quite correctly that it would be prejudiced by being "deprived an opportunity to file a written reply and prepare oral argument ahead of the October 5, 2012 hearing," see dkt. 65, the Court will make the following adjustments to the

2

United States District Court / For the Northern District of California

schedule. The motions hearing in this case is hereby RE-SET to November 2, 2012. Defendants' replies are now due on October 19, 2012.

**IT IS SO ORDERED.**

Dated: October 3, 2012

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE